**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-1352**

---

FAT BOY, LLC,

        Plaintiff - Appellant,

    v.

KCS INTERNATIONAL, INCORPORATED, d/b/a Cruisers Yachts,

        Defendant/Third Party Plaintiff - Appellee,

    and

CAPE FEAR YACHT SALES OF NORTH CAROLINA,

        Defendant,

    and

BRUNSWICK CORPORATION,

        Third Party Defendant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:08-cv-04000-DCN)

---

Submitted: January 18, 2012      Decided: January 31, 2012

---

Before WILKINSON and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Paul V. Degenhart, DEGENHART & DEGENHART LAW, LLC, Columbia, South Carolina, for Appellant.  David B. Marvel, PRENNER MARVEL, P.A., Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fat Boy, LLC ("Fat Boy") brought an action against KCS International, Inc. ("KCS") for breach of contract and rescission, breach of express warranty, breach of implied warranties, and negligence. On appeal, Fat Boy challenges the district court's decision to grant KCS judgment as a matter of law on its breach of contract claim. We have reviewed the record and find no reversible error. Accordingly, we affirm.

In October 2004, George M. Lee, III, the sole member of Fat Boy, purchased a 2004 455 Cruisers Motor Yacht manufactured by KCS from Cape Fear Yacht Sales ("Cape Fear"). The yacht was covered by the Cruisers Yachts Limited Warranty ("Limited Warranty"). Lee was dissatisfied with the yacht and complained to KCS of water leaks, floating bulkheads, and difficulty shutting the doors. As a result, Lee sent the yacht to the KCS factory a number of times for repair, and KCS ultimately agreed to replace the 2004 yacht with a 2006 model, at no cost to Lee. The 2006 yacht was also covered by the Limited Warranty.

In 2007, Lee experienced numerous problems with the 2006 yacht, complaining to KCS of extensive water leaks, rust spots, doors that would not shut properly, a malfunctioning generator, and a broken DVD player. KCS provided warranty service on the 2006 yacht, including two service trips to the

3

KCS factory, at no cost to Fat Boy or Lee. Thereafter, Lee demanded that KCS repurchase the 2006 yacht. When KCS refused, Lee filed the instant lawsuit against KCS and Cape Fear.[*]

At the close of Fat Boy's case, KCS moved for judgment as a matter of law as to all claims. The district court granted KCS's motion with respect to Fat Boy's claims of breach of contract and breach of implied warranties, finding that the alleged oral contract failed to satisfy the Statute of Frauds, and the Limited Warranty contained a valid disclaimer excluding all implied warranties. Following a three-day trial, the jury found that KCS had not breached its express warranty. Fat Boy appeals only that portion of the court's order that granted KCS judgment as a matter of law on its breach of contract claim.

We review the grant of a motion for judgment as a matter of law de novo, and view the facts in the light most favorable to the nonmoving party. A Helping Hand, LLC v. Baltimore Cnty., 515 F.3d 356, 365 (4th Cir. 2008). "Judgment as a matter of law is proper only if there can be but one reasonable conclusion as to the verdict." Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 331 (4th Cir. 2003) (en banc) (internal quotation marks and citation omitted). "Such a motion

---

[*] Cape Fear subsequently became insolvent and was dismissed from the case.

4

is properly granted if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Wheatley v. Wicomico Cnty., 390 F.3d 328, 332 (4th Cir. 2004) (internal quotation marks and citation omitted); see Fed. R. Civ. P. 50(a)(1).

On appeal, Fat Boy argues that the district court's ruling was erroneous because KCS failed to plead the Statute of Frauds as an affirmative defense as required by Fed. R. Civ. P. 8(c), thereby waiving the defense. However, Fat Boy did not present this claim before the district court, and issues raised for the first time on appeal generally will not be considered. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993); Nat'l Wildlife Fed. v. Hanson, 859 F.2d 313, 318 (4th Cir. 1988). Exceptions to this rule are made only in very limited circumstances, such as where refusal to consider the newly-raised issue would constitute plain error or would result in a fundamental miscarriage of justice. Muth, 1 F.3d at 318. We find that such exceptional circumstances do not exist, and Fat Boy has waived appellate review of this issue.

Fat Boy next contends that the district court erred in dismissing its breach of contract claim because the alleged transaction falls within an exception to the Statute of Frauds. According to Fat Boy, the contract at issue satisfies the exception set forth in Section 36-2-201(3)(b) of the South

Carolina Statute of Frauds, which provides that "a contract which does not satisfy the requirements of [the Statute of Frauds] but which is valid in other respects is enforceable . . . if a party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract was made." S.C. Code Ann. 36-2-201(3)(b) (1976). In support of this contention, Fat Boy first cites testimony by Lee himself: "Jim Viestenz agreed to buy me a new boat, and it was his call." Fat Boy also points to the testimony of KCS representative Ken Hayes in response to a question by plaintiff's counsel. Counsel inquired of Hayes, "I believe your testimony was that when Mr. Lee was dissatisfied with the 2004 model, that you replaced it with a two year newer model. Is that correct?", to which Hayes responded, "Yes."

We find Fat Boy's argument to be meritless. Fat Boy's reference to Lee's testimony that an oral contract existed is ill-advised, as Section 36-2-201(3)(b) plainly contemplates admission of an oral contract by the "party against whom enforcement is sought," not the party seeking to enforce the oral contract. Moreover, Hayes's testimony merely establishes that KCS agreed to replace the 2004 yacht with a newer model pursuant to the manufacturer's express warranty. Fat Boy does not allege that KCS otherwise "admitted in [its] pleading, testimony or otherwise in court that a contract was made."

6

Accordingly, we find that the district court did not err in awarding KCS judgment as a matter of law as to Fat Boy's breach of contract claim.

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>